UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRIENDS OF MOON CREEK, an unincorporated association,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>DIAMOND LAKE IMPROVEMENT, ASSOCIATION, INC. et al,<br><br>　　　　　Defendants. | No. CV-13-0396-JLQ<br><br>ORDER RE: MOTION HEARING AND SUPPLEMENTAL BRIEFING |

BEFORE THE COURT are four pending Motions: Plaintiff Friends of Moon Creek's Motion for Preliminary Injunction (ECF No. 3); Defendant Anderson's Motion to Dismiss (ECF No. 39); Defendant Sorby's Motion to Dismiss (ECF No. 43); and Defendant Diamond Lake Improvement Association's Motion to Dismiss (ECF No. 51). The court held a telephonic hearing on the Motions on January 23, 2014. Mark Wilson appeared for Plaintiff Friends of Moon Creek ("Plaintiff"). James Schwartz, Senior Counsel, Office of the Attorney General appeared for Defendant Phil Anderson, Director, Washington Department of Fish and Wildlife ("Defendant Anderson"). Thomas Luciani participated on behalf of Sharon Sorby, Coordinator, Pend Oreille County Noxious Weed Control Board ("Defendant Sorby"). Ryan Poole appeared on behalf of the Diamond Lake Improvement Association, Inc., ("DLIA").

**I. Introduction**

In the Second Amended Complaint ("SAC" at ECF No.36), Plaintiff Friends of Moon Creek (an association of property owners living in Moon Creek Estates) claims that Defendants have trespassed and damaged their property. Specifically Plaintiff claims that Defendants have engaged in a project to reduce the water level of Diamond Lake which has involved herbicide applications on Moon Creek, stream dredging, beaver

ORDER - 1

dam destruction, and trapping and killing beavers. The Defendants are Diamond Lake Improvement Association ("DLIA")(an association of property owners living on or near Diamond Lake), Sharon Sorby, coordinator of the Pend Oreille County Noxious Weed Control Board; and Phil Anderson, Director of the Department of Fish & Wildlife.

Plaintiff contends that Defendants' activities on Moon Creek began in the summer of 2012. Specifically, the first herbicide application complained of is alleged to have occurred on July 6, 2012, when a "propeller driven air boat...was launched into Moon Creek over the strenuous objections of Plaintiff's members" and Plaintiff's members were allegedly "physically threatened by the boat operators". (SAC ¶ 4.3). Plaintiff further alleges that in the Fall of 2012, beaver dams were destroyed and beavers trapped and killed. (SAC ¶ 4.8).

Plaintiff contends that again in September 2013, Diamond Lake Improvement Association ("DLIA") was issued a Hydraulic Project Approval ("HPA") to allow for stream dredging, modification/removal of beaver dams, etc. without adequate notice to and an opportunity to object by Plaintiffs. On September 23, 2013, DLIA installed a large culvert through a beaver dam on property allegedly owned by the Plaintiffs. (SAC ¶ 4.12). Plaintiff claims that DLIA and the Dept of Fish & Wildlife have advised that additional HPAs will be issued. (SAC ¶ 4.14).

Defendant Anderson argues that the Department of Fish & Wildlife merely issued an HPA, and that the HPA did not allow trespass. Defendant Sorby argues that she is immune from liability pursuant to state statute and that state statutory notice provisions were followed. DLIA argues that the activities in Moon Creek undertaken by its members were done without committing trespass and that there was no taking of private property.

**II. Discussion**

The court shared with counsel its preliminary impressions and inquired of counsel on several issues. Each party then spoke to the pending Motions.

ORDER - 2

**A. Immunity and Jurisdiction** -

The court's preliminary impression is that the Eleventh Amendment does not bar this suit and that the court has subject matter jurisdiction under the so-called *Ex parte Young*, 209 U.S. 123 (1908) exception. "The Eleventh Amendment erects a general bar against federal lawsuits brought against a state. It does not, however, bar actions for prospective declaratory or injunctive relief against state officers in their official capacities for their alleged violations of federal law." *Coalition to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1133-34 (9th Cir. 2012). In determining whether the *Ex parte Young* exception applies, the court looks to the allegations in the complaint. See *Verizon v. Maryland Public Serv. Comm.*, 535 U.S. 635, 645 (2002)("In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective."). The Supreme Court has stated that the *Ex parte Young* analysis "does not include an analysis of the merits of the claim" and that generally an allegation of an ongoing violation of federal law will be sufficient. *Verizon*, 535 U.S. at 646.

**B. Claim to State Statutory Immunity**

The statute on which Defendant Sorby relies, RCW 17.10.134, states in relevant part: "individual members or employees of a county noxious weed control board are personally immune from civil liability for damages arising from actions performed within the scope of their official duties or employment." The court is not aware of any Washington state case law discussing the scope of this statutory immunity provision. However, a state statute would not shield Sorby from a claim of a federal civil rights violation under Section 1983. See *Romstad v. Contra Costa County*, 41 Fed.Appx. 43 (9th Cir. 2002) citing *Wallis v. Spencer*, 202 F.3d 1126, 1144 (9th Cir. 2000)("Immunity under § 1983 is governed by federal law; state law cannot provide immunity from suit for federal civil rights violations."). It may be that Defendant Sorby is claiming she is

ORDER - 3

a state official acting in her official capacity and entitled to Eleventh Amendment immunity, but Sorby does not make that argument, instead relying on the state immunity statute. If Sorby posed such argument, it is not clear that the Pend Oreille County Weed Control Board is an instrumentality of the State for Eleventh Amendment immunity purposes. In *Beentjes v. Placer County Air Pollution Control Dist.*, 397 F.3d 775 (9th Cir. 2005), the Circuit held that a county air pollution control district was not entitled to sovereign immunity under the Eleventh Amendment. The Circuit noted that "while county action is generally state action for purposes of the Fourteenth Amendment, a county defendant is not necessarily a state defendant for purposes of the Eleventh Amendment." *Id.* at 784 n. 10. Here, the parties have not adequately briefed whether the Pend Oreille County Weed Control Board is entitled to Eleventh Amendment immunity, or whether Sorby as the Board's Coordinator would be.

The Department of Fish and Wildlife contends that this court has jurisdiction only if the Director, acting in his official capacity, has threatened to take some future action that may violate federal law. (ECF No. 60, p. 2). The Department contends that there are no pending applications for future permits, and no current orders requiring any specific performance. However, some of the HPAs have been filed as exhibits to declarations and the permits do not expire until 2016 or 2017. (See for example ECF No. 4-9). Patrick Chapman, an employee of the Dept. of Fish & Wildlife filed a declaration stating that there is an **active** HPA # 127229-03, issued to DLIA for dredging and installation of beaver dam tubes. (ECF No. 39-1, ¶ 2(b)(iii)). At oral argument, counsel for Defendant Anderson again confirmed that the HPA remains in effect.

### C. Additional Issues

The court posed several questions at the commencement of the hearing. Counsel shall feel free to address any of those questions at further length in the supplemental briefing. The parties should address *Cassettari v. County of Nevada*, 824 F.2d 735 (9th Cir. 1987) and *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 864 F.2d 1475 (9th Cir.

ORDER - 4

1989) which were not discussed in the briefing. The court is also interested in additional briefing as to what notice was provided, or is required to be provided, prior to the herbicide permit issuance and subsequent spraying and prior to the issuance of the HPA. It appeared to be Defendant Anderson's position that no notice is required prior to the issuance of the HPA and that the State provides no notice prior to work being performed pursuant to the HPA. Mr. Poole, on behalf of DLIA, argued that there had been no trespass (a factual question) and that there had been no 'taking' as Plaintiff's members had no property interest in the weeds or the beaver dams. DLIA shall address that argument further in its supplemental briefing, as well as address how the Declarations of Plaintiff's members fail to allege a loss of property. For example: Mark Moeser states that the beaver pond on his property was destroyed by the Defendants' activity and that this has dramatically decreased his property value (ECF No. 7); Doug Anderson operates SpruceWood Farms from his 5 acre parcel and sells plants, trees, and shrubs. He alleges that he sells organic products and they have been contaminated by the herbicide application (ECF No. 8); and Michele Bowyer alleges that the herbicide application contaminated the well on her property.

**IT IS HEREBY ORDERED**:

    1. The parties shall submit supplemental briefing addressing the issues raised by the Court at the hearing and in this Order.

    2. The briefs shall be submitted **on February 13, 2014, at or before noon**. The briefs shall **not exceed 10 pages** and there shall be no response or reply briefing.

    3. Ruling on the pending Motions (ECF Nos. 3, 39, 43, & 51) is **RESERVED**.

**IT IS SO ORDERED**. The Clerk shall enter this Order and furnish copies to counsel.

Dated this 27th day of January, 2014.

                      s/ Justin L. Quackenbush
                 JUSTIN L. QUACKENBUSH
          SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 5