UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRIENDS OF MOON CREEK, an unincorporated association, Cheryl and Robert Balentine, George A. and Jane Doe Tyler; Douglas M. and Jane Doe Anderson; Tom and Michele Bowyer Joe F. and Jane Doe Struther; Mark and Jane Doe Moeser; Gaylan and Jane Doe Warren, and Michael and Jane Doe Jeffrey, <br><br>                Plaintiffs, <br><br>        vs. <br><br> DIAMOND LAKE IMPROVEMENT, ASSOCIATION, INC., PHIL ANDERSON, Director Department of Fish & Wildlife, SHARON SORBY, Coordinator Pend Oreille County Noxious Weed Control Board, <br><br>        Defendants/Cross-/Counter-Claimants. | No. CV-13-0396-JLQ <br><br> ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Plaintiffs' Motion for Reconsideration Under Rule 59(e). (ECF No. 173). Defendant Anderson, of the Department of Fish & Wildlife, and Defendant Diamond Lake Improvement Association ("DLIA") have both filed a response to the Motion. Oral argument was not requested, and the Motion was submitted for decision without oral argument.

**I. Procedural History and Background**

This action was commenced on November 21, 2013. The procedural history has been set forth at length in prior filings and will not be repeated here. The court has set forth the general factual background in prior Orders. (See for example ECF No. 71, 80, 133, & 139). In regard to the instant Motion, on February 5, 2015, the court entered its

ORDER - 1

Order denying the cross-Motions for Summary Judgment filed by Plaintiffs and by Defendant Anderson. On February 18, 2015, Plaintiffs filed the Motion for Reconsideration seeking reconsideration pursuant to Fed.R.Civ.P. 59(e), or alternatively a determination of material facts not in dispute under Fed.R.Civ.P. 56(g). Plaintiffs contend that the court found genuine issues of material fact on questions that are not genuinely disputed. Plaintiffs ask that if the court does not reconsider and grant summary judgment that the court make findings that certain facts are not disputed. Defendant Anderson states the Motion should be denied "because the facts set forth by Plaintiffs are either in dispute, not material because the time to challenge the legality of the process has passed, or are mischaracterizations of the evidence." (ECF No. 174, p. 2). Defendant DLIA's response is much more expansive and claims the court cannot reconsider the prior ruling because it lacks jurisdiction, Plaintiffs' lack standing, and as a matter of law DLIA did not act under color of law. (ECF No. 191).

**II. Discussion**

**A. Rule 59(e)**

Fed.R.Civ.P. 59(e) provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The court has not entered judgment, as the Motions for Summary Judgment were denied. The court's Order (ECF No. 172) denying the Motions for Summary Judgment is not a Rule 54 "Judgment," and as stated in Rule 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of judgment." The court does have authority to revise its prior Order.

Reconsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources. *Kodimer v. County of San Diego*, 2010 WL 2926493 (S.D. Cal. 2010) citing *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). As Plaintiffs rely on Rule 59(e), the primary grounds for

ORDER - 2

reconsideration under that Rule are: 1) an intervening change in controlling law; 2) the presentation of newly discovered evidence; and 3) the need to correct clear error or prevent manifest injustice. *Thomas v. United States*, 1997 WL 881213 (D.Or. 1997) citing *School Dist. No. 1J v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Reargument of the previously determined motion is not grounds for granting a motion for reconsideration. *Kodimer*, at *1 citing *American Ironworks v. North American Const. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001). A district court may decline to consider an issue raised for the first time in motion for reconsideration. *Id.* at *1.

Plaintiffs do not argue an intervening change in controlling law, or present newly discovered evidence. Rather it appears Plaintiffs argue that the court erred in its conclusion that there were questions of fact which precluded summary judgment. The request for reconsideration is **DENIED**.

**B. Rule 56(g)**

Fed.R.Civ.P. 56(g) provides: "If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact–including an item of damages or other relief–that is not genuinely in dispute and treating the fact as established in the case." This Rule uses the term "may" and is discretionary. See *U.S. Bank v. Verizon*, 761 F.3d 409, 428 n.15 (5th Cir. 2014)("The Rule's use of the word "may", as opposed to "shall", indicates that district court's are not *required* to enter a separate order under Rule 56(g)"). At the time the prior cross-Motions for Summary Judgment (ECF No. 140 & 148) were filed, the time for discovery on liability had not closed. Further, Defendant Sorby was not involved in the argument of those Motions, and DLIA was only partially involved. Given that setting, with discovery still open and evidence and testimony potentially still to be discovered, it did not make sense for the court to issue an Order listing facts which are established for trial. Now, in the current posture there are additional pending dispositive motions: 1) Defendant Sorby's Motion for Summary Judgment (ECF No. 175); 2) Plaintiffs' Motion for Summary Judgment against Sorby

ORDER - 3

(ECF No. 180); and 3) Defendant DLIA's Motion to Dismiss and Joinder in Sorby's Motion for Summary Judgment (ECF No. 185).  The court exercises its discretion and declines Plaintiffs' request to issue an order stating material facts that are allegedly established in the case.

**IT IS HEREBY ORDERED**:

Plaintiffs' Motion for Reconsideration (ECF No. 173) is **DENIED**.

**IT IS SO ORDERED**.  The Clerk shall enter this Order and furnish copies to counsel.

Dated this 27th day of April, 2015.

s/ Justin L. Quackenbush<br>JUSTIN L. QUACKENBUSH<br>SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4