UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRIENDS OF MOON CREEK, an unincorporated association, Cheryl and Robert Balentine, George A. and Jane Doe Tyler; Douglas M. and Jane Doe Anderson; Tom and Michele Bowyer Joe F. and Jane Doe Struther; Mark and Jane Doe Moeser; Gaylan and Jane Doe Warren, and Michael and Jane Doe Jeffrey,<br><br>Plaintiffs,<br><br>vs.<br><br>DIAMOND LAKE IMPROVEMENT, ASSOCIATION, INC., PHIL ANDERSON, Director Department of Fish & Wildlife, SHARON SORBY, Coordinator Pend Oreille County Noxious Weed Control Board,<br><br>Defendants/Cross-/Counter-Claimants. | No. CV-13-0396-JLQ<br><br>ORDER RE: DEFENDANT DLIA'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant Diamond Lake Improvement Association's (hereafter "DLIA") Motion to Dismiss and Joinder in Defendant Sorby's Motion for Summary Judgment. (ECF No. 185). The court has addressed the issues presented in Sorby's Motion for Summary Judgment via separate Order. Plaintiffs have not filed a separate Response to DLIA's Motion. A Response was due no later than March 23, 2015. See L.R. 7.1(b). Plaintiffs did brief Sorby's Motion for Summary Judgment, but have not filed a separate response to DLIA's request that the action be dismissed for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).

ORDER - 1

**I. Procedural History and Factual Background**

The procedural history has been set forth at length in prior filings and will not be repeated here. The court has set forth the general factual background in the prior Orders. (See for example ECF No. 71, 80, 133, & 139). The court previously addressed specific jurisdictional arguments in its Order Denying Motions to Dismiss, filed February 27, 2014. (ECF No. 71).

**II. Discussion**

Defendant DLIA's current argument for dismissal for lack of subject matter jurisdiction is presented in less than two pages (ECF No. 185, p. 2-3), and as stated, *supra,* was not specifically responded to by Plaintiffs. Plaintiffs are cautioned that the failure to respond to a motion "may be deemed consent to the entry of an Order adverse to the party" who failed to respond. Local Rule 7.1(d). DLIA's instant Motion states that it incorporates 4 prior filings (ECF Nos. 69, 140, 164, & 168). The court does not look favorably upon that procedure. A party wishing to present a motion to the court needs to present the argument in a brief, clear, and concise fashion–not direct the court to search through numerous previously filed briefs to find an argument. In this case, DLIA incorporates a brief it previously filed in support of a Motion to Dismiss (ECF No. 69) that was denied. DLIA then seeks to incorporate the briefs of co-Defendant Anderson (ECF No. 140 & 164) regarding a Motion for Summary Judgment, which was also denied. Lastly, DLIA incorporates a response brief it previously filed (ECF No. 168).

In regard to the response brief (ECF No. 168), the court in a prior Order noted that the response went beyond responding to the pending issues and raised a "series of other issues such as: 1) the court does not have subject matter jurisdiction; 2) the claims are not ripe; 3) argues that there was an extant emergency affecting the public; 4) standing; and 5) estoppel." (See Order of February 5, 2015, at ECF No. 172 p. 10-11). The court observed that DLIA had no pending motion before the court, and many of the issues briefed were not at issue in the Motions between Defendant Anderson and Plaintiffs.(Id)

ORDER - 2

The instant Motion to Dismiss, a mere three pages, specifically raises only one of those five issues (subject matter jurisdiction), but claims to incorporate the previously filed 17-page brief (ECF No. 168) which included other issues. DLIA's argument on jurisdiction (ECF No. 168, p. 3) begins with subheading "A", which states: "Under FRCP 12(b)(1) and 12(h)(3), this Court does not have federal subject matter jurisdiction to grant the relief requested by Plaintiffs under the U.S. Constitution or 42 U.S.C. § 1983." The remainder of Section A fails to ever state why the court allegedly lacks jurisdiction. There are general citations to case law about federal courts being courts of limited jurisdiction and that defects in subject matter jurisdiction cannot be waived. (ECF No. 168, p. 3-4). DLIA then argues that there is now evidence in the record of an emergency situation with the lake's water levels. The argument concerning an "extant emergency" is repeated throughout the brief, and in particular at subsection C, however it is unclear what relevance the alleged justification of emergency bears to the court's jurisdiction. (ECF No. 168, p. 7).

DLIA argues that the evidence is now clear that an emergency situation existed, and the actions taken by DLIA were in response to abate the flooding. (ECF No. 168, p. 5). DLIA also argues that Plaintiffs' claims are not ripe because there is a post-deprivation remedy available in state court. (ECF No. 168, p. 5-6). DLIA further argues that Plaintiffs were afforded adequate due process because they had received notice "by at least mid-June 2012" and did not seek injunctive relief in state court.

The evidence is not clear, or undisputed, that an emergency situation existed. An inference of non-emergency can be drawn from the lapse of time. DLIA argues that there was an actual emergency "as a result of the high lake levels in 2011, 2012, and 2013." (ECF No. 168, p. 9). One does not think of an "emergency" situation spanning three years. Merriam Webster dictionary defines "emergency" as: "1) an unforeseen combination of circumstances or the resulting state that calls for **immediate** action; 2) an

ORDER - 3

**urgent** need for assistance or relief".[1]    Sorby sent out a notice that she was going to inspect for noxious weeds on May 3, 2012. The herbicide spray occurred on July 6, 2012, over two months later. DLIA contends in its briefing that the hand-dredging and beaver-tube installation under the HPA was planned in the summer of 2012 and not carried out until summer of 2013. Such timing is not indicative of an emergency situation.

      The timing in the case at bar is much less urgent than in *Sinaloa Lake*, and in that case the court found sufficient time for notice. In *Sinaloa Lake,* between February 25 and March 3rd there were heavy rains and two slides on the face of the dam. City officials began evacuating residents and pumping water from the lake. 864 F.2d at 1477. On March 4th, state officials decided to breach the dam, but did not act immediately. On March 6th water levels started receding, and by March 8th the emergency was over. However, on March 10th state officials went ahead with breaching the dam. The Ninth Circuit noted that there was "no emergency at the time the dam was breached" but that states are "given great leeway in adopting summary procedures to protect public health and safety, even in the absence of an emergency in the usual sense." 864 F.2d 1475, 1482-83 (9th Cir. 1989). However, the state's "power to declare an emergency and thus eliminate the constraints of the due process clause is not without bounds." *Id*. at 1483. The Ninth Circuit Court concluded, based on the above timeline as alleged by those plaintiffs, "there would seem to have been no justification for the [State's] failure to give plaintiffs notice and an opportunity for a hearing, however abbreviated." *Id.* The evidence of record herein does not establish that the water levels on Diamond Lake were an emergency situation such that it would be appropriate for state actors to take summary action without affording due process. Further, the issue of emergency is being proffered as a defense to Plaintiffs' claims and is not a jurisdictional matter.

---

[1]On-line dictionary at http://www.merriam-webster.com/dictionary/emergency last visited May 5, 2015 (emphasis added).

ORDER - 4

### III. Conclusion

As set forth in the Court's Order on Defendant Sorby and Plaintiffs' cross-Motions for Summary Judgment, Plaintiffs' Constitutional Due Process claims are ripe for review. Thus, the issue of subject matter jurisdiction is quite simple. The court has jurisdiction. This jurisdiction is based on 28 U.S.C. § 1331 and 42 U.S.C. § 1983. The court has jurisdiction over the supplemental state law trespass claim. 28 U.S.C. § 1367.

**IT IS HEREBY ORDERED**:

Defendant DLIA's Motion to Dismiss (ECF No. 185) is **DENIED**.

**IT IS SO ORDERED**. The Clerk shall enter this Order and furnish copies to counsel.

Dated this 13th day of May, 2015.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 5