1

2

3          UNITED STATES DISTRICT COURT

4          EASTERN DISTRICT OF WASHINGTON

5

6  FRIENDS OF MOON CREEK, an            )
   unincorporated association, Cheryl     )  No.  CV-13-0396-JLQ
7  and Robert Balentine, George A. and    )
   Jane Doe Tyler; Douglas M. and Jane   )  ORDER DENYING MOTION
8  Doe Anderson; Tom and Michele Bowyer )  FOR DECLARATORY JUDGMENT
   Joe F. and Jane Doe Struther; Mark and )
9  Jane Doe Moeser; Gaylan and Jane Doe  )
   Warren, and Michael and Jane Doe       )
10 Jeffrey,                                )
                                          )
11                                        )
                        Plaintiffs,       )
12                                        )
                                          )
13              vs.                       )
                                          )
14 DIAMOND LAKE IMPROVEMENT,              )
   ASSOCIATION, INC., PHIL ANDERSON,      )
15 Director Department of Fish & Wildlife, )
   SHARON SORBY, Coordinator Pend        )
16 Oreille County Noxious Weed Control    )
   Board,                                 )
17                                        )
         Defendants/Cross-/Counter-Claimants. )
18 _____ )

19       **BEFORE THE COURT** is Plaintiffs' Motion for Declaratory Judgment (ECF No.

20 217). Defendants filed a "Joint Response" (ECF No. 218) opposing the Motion.  No

21 Reply was filed, and the Motion was submitted without oral argument on September 17,

22 2015.

23       The Motion was filed on August 18, 2015, the day after the court had issued an

24 Order staying the proceedings. (ECF No. 216)  The Motion seeks to have the court enter

25 a declaratory judgment in accord with the rulings made in the court's Order Re: Motions

26 for Summary Judgment (ECF No. 206) filed on May 13, 2015.  The Motion does not

27 address <u>why</u> entry of a declaratory judgment at this time is appropriate, but rather focuses

28 ORDER - 1

on the court's authority to enter such judgment pursuant to Fed.R.Civ.P. 54(b). That the court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties," does not mean that the court should do so, particularly here when the matter has been stayed and the parties are litigating the matter in state court.

The court presumes that Plaintiffs seek entry of a judgment in order that they may more effectively argue to the state court that the issues have been conclusively established. The court stayed this action in the interests of judicial economy. The court noted that the primary claim at issue was a state law trespass claim and that the state court could grant complete relief. The court did not intend for the parties to re-litigate issues which were already decided. The court stated: "It would appear that the parties are in a position to request an expedited trial setting in state court. Issuing a stay in this action should not result in undue delay in the final resolution of the litigation between the parties." (ECF No. 216, p. 4). The court further stated that the stay was "not indefinite and the resolution of the parties' dispute should not be unduly delayed" and has required the filing of status reports. (*Id*.).

Defendants' Response argues that the Motion was filed in violation of the court's Order staying proceedings and should be denied. Defendants further argue that the language of Plaintiffs' proposed declaratory judgment is not consistent with this court's prior rulings as stated in the Order re: Motions for Summary Judgment (ECF No. 206). Defendants contend entry of a partial final judgment is not in the interests of judicial economy as it could "foster piecemeal appeals". (ECF No. 218, p. 5). Both sides direct the court to *Wood v. GCC Bend, LLC*, 422 F.3d 873 (9th Cir. 2005). In the *Wood* case, the district court entered a final judgment as to a partial grant of summary judgment pursuant to Rule 54(b). The Ninth Circuit Court of Appeals found the Rule 54(b) certification was "improvidently granted" and dismissed the appeal. *Id*. at 883. The court found it was routine case, facts on all the claims and issues overlapped, and that successive appeals were likely. The court stated that a district court must take "judicial

ORDER - 2

administrative interests into account" and that "[a]bsent a seriously important reason, both the spirit of Rule 1 and the interests of judicial administration counsel against certifying claims or related issues in remaining claims that are based on interlocking facts, in a routine case, that will likely lead to successive appeals." *Id.* However, the court also stated: "We do not mean to suggest that claims with overlapping facts are foreclosed from being separate for purposes of Rule 54(b)." *Id.* at 881.

Thus the *Wood* case confirms that a partial final judgment may be entered under Rule 54(b), but also cautions that doing so should not be routine. "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion must be exercised in the interest of sound judicial administration." *Id.* at 878. This court will not enter a Rule 54(b) judgment at this time.

The parties are directed to proceed cooperatively and expeditiously in the state court matter. It is not this court's expectation that the parties will waste time re-litigating issues already determined and the time required for additional discovery should be short. In the instant briefing, DLIA continues to argue an issue already decided and states that DLIA has never "conceded" it was a joint actor. (ECF No. 218, p. 10). This court, based on the summary judgment record, has already ruled: "The court further finds that the evidence in the summary judgment record establishes, as a matter of law, that Sorby, a state actor, and DLIA were acting jointly such that DLIA's actions in regard to the 2012 herbicide application constitute state action."(ECF No. 206, p. 13). Neither side to this litigation should unduly delay this matter through re-argument of issues decided or by engaging in duplicative discovery in the state court action. Any such conduct may be brought to the attention of this court, as such conduct diminishes the interests of judicial economy which contributed to the court's decision to grant the stay. In order to further ensure that this matter is not unduly delayed and that the parties are working in the spirit of Fed.R.Civ.P. 1 ("...to secure the just, speedy, and inexpensive determination of every

ORDER - 3

1  action and proceeding"), the court adjusts herein the deadlines for filing status reports.

2      **IT IS HEREBY ORDERED**:

3      1. Plaintiffs' Motion for Declaratory Judgment (ECF No. 217) is **DENIED**.

4      2. The stay is not indefinite and the resolution of the parties' dispute should not be

5  unduly delayed.  The parties shall file a status report on or before **January 2, 2016**, and

6  every <u>four</u> months thereafter.  The status report may be filed jointly or separately and

7  need not be lengthy.

8      3. If the dispute between the parties is resolved via settlement, the parties shall

9  promptly notify the court.  Additionally, the parties shall promptly inform the court if

10  judgment is entered by the state court.

11      4.  The court's Order (ECF No. 80) which granted in part Plaintiffs' Motion for

12  Preliminary Injunction shall remain in effect during the pendency of the stay unless

13  otherwise ordered by this court.

14      **IT IS SO ORDERED**.  The Clerk shall enter this Order and furnish copies to

15  counsel.

16      Dated this 29th  day of September, 2015.

17                       s/ Justin L. Quackenbush
                   JUSTIN L. QUACKENBUSH

18           SENIOR UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28  ORDER - 4