UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRIENDS OF MOON CREEK, an unincorporated association, Cheryl and Robert Balentine, George A. and Jane Doe Tyler; Douglas M. and Jane Doe Anderson; Tom and Michele Bowyer Joe F. and Jane Doe Struther; Mark and Jane Doe Moeser; Gaylan and Jane Doe Warren, and Michael and Jane Doe Jeffrey,<br><br>Plaintiffs,<br><br>vs.<br><br>DIAMOND LAKE IMPROVEMENT, ASSOCIATION, INC., PHIL ANDERSON, Director Department of Fish & Wildlife, SHARON SORBY, Coordinator Pend Oreille County Noxious Weed Control Board,<br><br>Defendants/Cross-/Counter-Claimants. | No. 2:13-CV-0396-JLQ<br><br>ORDER SETTING BRIEFING SCHEDULE RE: MOTION TO SET ASIDE PRELIMINARY INJUNCTION |

On October 23, 2017, counsel for Defendant Diamond Lake Improvement Association filed a Motion to Set Aside Preliminary Injunction (ECF No. 244). The Motion was set for hearing with telephonic oral argument on November 21, 2017. No response to the Motion has yet been filed.

This matter has been stayed since August 2015. The parties have been proceeding in state court. The manner in which the instant Motion was filed may have caused some confusion and contribute to a possible explanation as to why no response has yet been filed. Defendant Diamond Lake Improvement Association ("DLIA") obtained a November 21, 2017 hearing date from the courtroom deputy on or about October 10, 2017. However, the Motion was not filed until October 23,

ORDER - 1

2017, violating Local Rule 7.1(h)(2)(A) ("The date of the hearing must be at least 30 days after the motion's filing."). The instant Motion was filed 29-days prior to the hearing date.

It is unclear whether DLIA considered the Motion to be a dispositive or nondispositive motion. Examples of dispositive motions are listed at Local Rule 7.1(a)(3), and include a motion for permanent injunctive relief. The Motion seeking relief from a preliminary injunction is more appropriately considered nondispositive. Therefore, the length of the Motion violates Local Rule 7.1(e)(2)("a nondispositive motion shall not exceed 10 pages"). The instant Motion is 19-pages, indicating counsel may have been treating it as a dispositive motion. DLIA also filed four declarations in support of the Motion. If treated as a dispositive motion, 21-days is allowed for a response and "the date of the hearing must be at least 50 days after the motion's filing." Local Rule 7.1(h)(2)(B).

In summary, the instant Motion is a nondispositive motion and a response was therefore due within 14 days. A response was not timely filed. Local Rule 7.1(b)(2)(B). The anticipated late filing of a response, coupled with the Motion not being filed "at least 30 days" in advance of the hearing date requires striking the hearing date. Additionally, the Motion exceeded the page limits for a nondispositive motion. Coupled with the several evidentiary exhibits submitted, the length of the Motion indicates DLIA may have considered the Motion to be a dispositive motion. However, if DLIA believed the Motion was dispositive, the hearing date was required by Local Rule to be set further out. Dispositive motions call for a longer briefing schedule and must be filed at least 50 days in advance of the hearing date.

**IT IS HEREBY ORDERED**:

1. Any Response to the Motion (ECF No. 244) shall be filed **no later than Monday, November 13, 2017, at 5:00 p.m.**

2. Any Reply brief in support of the Motion shall be filed no later than **November 24, 2017**.

ORDER - 2

3.   The Motion was not filed sufficiently in advance of the hearing date, and accordingly the November 21, 2017 hearing date is **STRICKEN**.  Any Response brief shall state whether the party believes oral argument is warranted.  After reviewing the Response brief(s) the court will determine whether to reset this matter for telephonic oral argument.

**IT IS SO ORDERED**.  The Clerk shall enter this Order and furnish copies to counsel.

Dated this 7th day of November, 2017.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3