UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

FRIENDS OF MOON CREEK, an unincorporated association, Cheryl and Robert Balentine, George A. and Jane Doe Tyler; Douglas M. and Jane Doe Anderson; Tom and Michele Bowyer Joe F. and Jane Doe Struther; Mark and Jane Doe Moeser; Gaylan and Jane Doe Warren, and Michael and Jane Doe Jeffrey,

    Plaintiffs,

vs.

DIAMOND LAKE IMPROVEMENT, ASSOCIATION, INC., PHIL ANDERSON, Director Department of Fish & Wildlife, SHARON SORBY, Coordinator Pend Oreille County Noxious Weed Control Board,

    Defendants/Cross-/Counter-Claimants.

No. 2:13-CV-0396-JLQ

ORDER RE: MOTIONS TO DISMISS

BEFORE THE COURT are the Motion to Dismiss (ECF No. 269) of Defendant Sharon Sorby, the Motion to Dismiss (ECF No. 271) of Defendant Diamond Lake Improvement Association, and the "Plaintiffs Jeffrey's Consent to Motions to Dismiss" (ECF No. 272), which Plaintiffs' filing has been erroneously docketed as a motion.

**I. Introduction**

This litigation has a long and somewhat complicated history, which will not be repeated in detail here. For prior history see Order Granting in Part and Denying in Part Motion for Preliminary Injunction (ECF No. 80); Order re: Realignment of Parties (ECF No. 101)(containing brief recitation of parties and numerous claims). In short, this

ORDER - 1

litigation has been on-going for nearly five years, and has proceeded in both state and federal court. The parties now report most claims have been resolved in state court, at least at the trial level, with some claims also having been adjudicated on interlocutory appeal.

The parties have intermittently filed status reports in this court concerning the state court proceedings. On May 15, 2018, this court issued an Order (ECF No. 262) directing the filing of status reports. The court directed the parties to address "the appropriate disposition of this federal action given the preliminary injunction has been dissolved and all claims are being litigated in state court," and whether this matter should remain open. (*Id*. at p. 4-5). The parties filed status reports and largely agreed the matter could be closed, with the exception of Plaintiffs, who contended the file may need to remain open for a potential attorney fee motion by Defendant DLIA. See Order (ECF No. 268). The court's Order of June 19, 2018, directed the parties that if they agreed to closure of the file, they could file an appropriate stipulation pursuant to Fed.R.Civ.P. 41, or if they did not agree, an individual defendant could move for entry of partial judgment. (ECF No. 268, p. 2). Two of the Defendants filed Motions to Dismiss. No stipulation to dismissal was filed. Two of the Plaintiffs filed a notice formally consenting to dismissal.

**II. Discussion**

Plaintiffs (all but the Jeffrey's Plaintiffs) filed a "Memorandum in Opposition to Defendant DLIA's Motion to Dismiss" (ECF No. 273). Plaintiffs object to DLIA's suggestion that its counterclaims be dismissed without prejudice. Plaintiffs contend the counterclaims should be dismissed with prejudice. Plaintiffs state dismissal with prejudice "is merited if only because three of the six waterfront plaintiffs have died during the pendency of this Moon Creek litigation." (*Id*. at p. 2). Plaintiffs state Plaintiff Douglas Anderson died in 2015, Plaintiffs George Tyler and Joe Struthers died in 2016, and one Plaintiff, Mark Moeser, sold his Moon Creek property. This is the first the court has been informed of the deaths of any of the Plaintiffs. No suggestion of death was filed, nor motion for substitution under Federal Rule of Civil Procedure 25.

ORDER - 2

**A. Defendant Sorby's Motion to Dismiss**

Defendant Sorby obtained dismissal of some of the claims against her by Order of the state Superior Court on December 1, 2016. (ECF No. 270-1). The Superior Court ruled she was not entitled to qualified immunity on the claims brought against her under 42 U.S.C. § 1983. Sorby took an interlocutory appeal of the qualified immunity issue, and on February 6, 2018, the Washington Court of Appeals ruled she was entitled to qualified immunity. (ECF No. 270-2). The Court of Appeals remanded with directions to dismiss Plaintiffs' claims against Sorby. Those claims were dismissed by the Superior Court on April 19, 2018.

Additionally, Plaintiffs' have filed no opposition to the instant Motion. Failure to timely respond may be deemed consent to the entry of an adverse Order. Local Rule 7.1(d). The claims against Defendant Sorby have been dismissed in the state court action, and Plaintiffs have not opposed dismissal here. The court finds dismissal appropriate and the Motion is **GRANTED IN PART**. The claims will be dismissed upon entry of final judgment, but the court will not direct entry of a partial judgment pursuant to Fed.R.Civ.P. 54(b).

**B. Defendant DLIA's Motion to Dismiss**

According to the parties' recent status reports, the only claims which remain pending in state court are between Defendant/Counter-Claimant Diamond Lake Improvement Association ("DLIA") and Plaintiffs. DLIA states it "has been working with Plaintiffs' counsel to reach a resolution of all claims pending in state court, including DLIA's counterclaims." (ECF No. 265). DLIA moves for dismissal of the claims against it with prejudice and for dismissal of its counterclaims without prejudice, so that it may pursue them in state court. (ECF No. 271, p. 2). DLIA states its counterclaims "are dependent on state law" and this court need not retain jurisdiction.

The state court record submitted by DLIA does not demonstrate that all claims against DLIA in state court have been finally adjudicated. DLIA submits a copy of a state court Order granting **in part** a motion for summary judgment. DLIA submits documents

ORDER - 3

showing Plaintiffs' request for interlocutory review of that Order was denied. DLIA submits the "Commissioner's Ruling" from the Court of Appeals dated November 16, 2017, which indicates the matter is not final. (ECF No. 271-1, at p. 16). The Commissioner's Ruling states: "Friends may still appeal the superior court's summary judgment decision after trial on the remaining causes of action." (ECF No. 271-1, p. 20).

Additionally, DLIA's May 18, 2018 Status Report states in part: "If all claims cannot be resolved, DLIA intends to move forward with a summary judgment in state court on the sole remaining claim against it and may proceed to trial on its counterclaims." (ECF No. 265, p. 2). Thus, clearly not all claims have been resolved in state court. When this court stayed the action on August 17, 2015, it did so because there were parallel state and federal lawsuits. The court issued the stay pursuant to its inherent authority and under the *Colorado River*[1] doctrine. (ECF No. 216). The court considered, *inter alia,* the interests of judicial economy, the fact all issues could proceed in state court, and the desire to avoid piecemeal litigation. (ECF No. 216, p. 3-4).

In *Colorado River*, the Supreme Court considered the various abstention principles and although it affirmed the district court's dismissal, the Court stated: "Only the clearest of justifications will warrant dismissal." 424 U.S. at 819. The court noted the general rule that there is no prohibition against concurrent state and federal proceedings, and the federal court has a "heavy obligation to exercise jurisdiction." *Id*. at 820. The Ninth Circuit has subsequently interpreted *Colorado River* to require a stay rather than dismissal. In *Attwood v. Mendocino Coast Hosp*., 886 F.2d 241 (9th Cir. 1989), the court addressed "whether the district court must stay or may dismiss an action when it declines to exercise jurisdiction under *Colorado River*," and concluded the court should have stayed the action. The Ninth Circuit emphasized the importance of the federal forum remaining open, if for some unexpected reason the state forum is not adequate. *Id*. at 243. However, in the ordinary course, no further substantive matters in federal court are contemplated: "the decision to invoke *Colorado River* necessarily contemplates the federal court will have

---

[1]*Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 814 (1976).

ORDER - 4

nothing further to do in resolving any substantive part of the case, whether it stays or dismisses." *Id.* <u>citing</u> *Cone Memorial Hospital v. Mercury Const. Corp.*, 460 U.S. 1 (1983).

In *Attwood*, the Ninth Circuit listed various reasons why a stay was preferable, including "using a stay, a district court invoking *Colorado River* will not need to make premature and speculative legal findings about the preclusive effect of various possible state judgments." 886 F.2d at 244. In order to enter Judgment at this juncture, this court would need to have evidence the state court judgments were final, and make assessments about preclusion doctrines. The parties have not supplied the necessary state court record, nor provided any briefing on preclusion doctrines. After *Attwood*, the Ninth Circuit again addressed this issue and stated: "*Attwood* stands for the proposition that district courts must stay, rather than dismiss, an action when they determine that they should defer to the state court proceedings under *Colorado River*." *Coopers & Lybrand v. Sun-Diamond Growers*, 912 F.2d 1135, 1138 (9th Cir. 1990).

This court appropriately stayed the action (<u>See</u> Order at ECF No. 216), and as the state court proceedings are not fully concluded, DLIA's Motion to Dismiss is **DENIED**. DLIA also seeks to dismiss its own counterclaims without prejudice. Although such voluntary dismissal may be permissible, it is unnecessary. Additionally, Plaintiffs oppose the dismissal, and contend any dismissal of the counterclaims should be with prejudice. (ECF No. 273). DLIA states the counterclaims are based on state law, and presumably they were asserted in the state court pleadings, and can be adjudicated in state court. Although the Ninth Circuit has required a stay rather than dismissal in this situation, the court has also stated that in most cases where *Colorado River* is invoked, "complete resolution" should occur in the state proceeding. *Attwood*, 886 F.2d at 245. Plaintiffs offer no authority to dismiss DLIA's counterclaims <u>with</u> prejudice, and the court will not dismiss them <u>without</u> prejudice in view of Plaintiffs' opposition.

**C. Defendant Anderson**

Defendant Anderson, the Director of the Washington State Department of Fish and

ORDER - 5

Wildlife (hereafter "Director"), reports the Superior Court granted his motion for summary judgment on December 22, 2016, dismissing all claims against him. (ECF No. 264). The Director contends, in a status report, that all claims in this federal action against him should be dismissed with prejudice "in light of the complete dismissal of all injunctive and monetary damages claims in state court." (ECF No. 264). Plaintiffs concur that the Superior Court did grant summary judgment dismissing the claims against Director Anderson. (ECF No. 238). It appears dismissal of the claims against Defendant Anderson, as asserted in the Second Amended Complaint, may be appropriate as the claims have been fully resolved in state court.

However, Defendant Anderson has not filed a motion to dismiss. This court stated in a recent Order that if the parties were not stipulating to dismissal, "a party may move for entry of partial judgment pursuant to Fed.R.Civ.P. 54(b) in an appropriately supported motion, including providing the relevant state court rulings upon which the motion relies." (ECF No. 268). As there is no pending motion by Defendant Anderson, and for the reasons stated *supra* regarding DLIA's Motion to Dismiss, the court will not dismiss the claims against Defendant Anderson at this time.

### III. Conclusion

Although it is anticipated that all claims will be resolved in the state court proceeding and no further substantive proceedings will occur in this forum, a stay remains the appropriate course of action until the state proceedings are final, or the parties agree to dismiss this action. It appears the claims against Defendants Sorby and Anderson have been fully resolved in favor of the Defendants, but the court will not enter a separate judgment at this time. Plaintiffs and DLIA still have pending claims in state court, and accordingly this court will not dismiss those claims.

**IT IS HEREBY ORDERED**:

1. The "Plaintiffs Jeffrey's Consent to Motions to Dismiss" (ECF No. 272), which was erroneously docketed as a motion, is **DENIED AS MOOT**.

2. Defendant Sorby's Motion to Dismiss (ECF No. 269) is **GRANTED IN PART**.

ORDER - 6

Plaintiffs' claims against Sharon Sorby in the Second Amended Complaint shall be dismissed with prejudice upon entry of final Judgment in this matter.

3. Defendant DLIA's Motion to Dismiss (ECF No. 271) is **DENIED**.

**IT IS SO ORDERED**. The Clerk shall enter this Order and furnish copies to counsel.

Dated this 13th day of September, 2018.

<u>s/ Justin L. Quackenbush</u>
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE