FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 10, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRIENDS OF MOON CREEK, an unincorporated association; CHERYL and ROBERT BALENTINE; GEORGE A. and JANE DOE TYLER; DOUGLAS M. and JANE DOE ANDERSON; TOM AND MICHELE BOWYER; JOE F. and JANE DOE STRUTHERS; MARK and JANE DOE MOESER; GAYLAN and JANE DOE WARREN; and MICHAEL and JANE DOE JEFFREY,<br><br>      Plaintiffs,<br><br>v.<br><br>DIAMOND LAKE IMPROVEMENT ASSOCIATION, INC.; PHIL ANDERSON, Director Department of Fish & Wildlife; SHARON SORBY, Coordinator Pend Oreille County Noxious Weed Control Board,<br><br> Defendants/Cross-/Counter-Claimants. | NO: 2:13-CV-396-RMP<br><br>ORDER GRANTING CONSTRUED MOTION FOR SUMMARY JUDGMENT AND DENYING REQUEST FOR ATTORNEY FEES |

BEFORE THE COURT is Defendant Diamond Lake Improvement

Association's ("DLIA") Motion to Dismiss, ECF No. 284, Defendant Phil

ORDER GRANTING CONSTRUED MOTION FOR SUMMARY JUDGMENT
AND DENYING REQUEST FOR ATTORNEY FEES ~ 1

1  Anderson's Status Report requesting dismissal of the claims against him, ECF No.
2  289, and Defendant Sharon Sorby's status report requesting dismissal of claims
3  against her, ECF No. 290.  The Court also has reviewed the status report submitted
4  by Plaintiff members, the Jeffreys, ECF No. 294, and the extensive file and pleadings
5  in this case.

**INTRODUCTION**

7  The Court has recounted the history in this case in previous Orders and only
8  briefly summarizes the facts in this Order.  Plaintiff Friends of Moon Creek filed this
9  action November 21, 2013, and twice amended its Complaint.  ECF Nos. 1, 14, and
10 36.  In the Second Amended Complaint, ECF No. 36, Plaintiff (an association of
11 property owners living in Moon Creek Estates in Pend Oreille County, Washington)
12 claims that Defendants trespassed and damaged their property.  Specifically, Plaintiff
13 claims that Defendants engaged in a project to reduce the water level of Diamond
14 Lake, without the participation or consent of Plaintiff's members, which included
15 herbicide applications on Moon Creek, stream dredging, beaver dam destruction, and
16 trapping and killing beavers.
17 The Defendants are Diamond Lake Improvement Association (DLIA) (an
18 association of property owners living on or near Diamond Lake); Sharon Sorby,
19 coordinator of the Pend Oreille County Noxious Weed Control Board; and Phil
20 Anderson, who at the relevant time was Director of the Department of Fish and
21 Wildlife.

ORDER GRANTING CONSTRUED MOTION FOR SUMMARY JUDGMENT
AND DENYING REQUEST FOR ATTORNEY FEES ~ 2

1    Plaintiff Friends of Moon Creek contends that Defendants' activities on Moon
2    Creek began in the summer of 2012.  Specifically, the first herbicide application
3    complained of is alleged to have occurred on July 6, 2012, when a "propeller driven
4    air boat . . . was launched into Moon Creek over the strenuous objections of
5    Plaintiff's members" and Plaintiff's members were allegedly "physically threatened
6    by the boat operators."  ECF No. 36 at 8–9.  Plaintiff Friends of Moon Creek also
7    alleges that in the summer of 2012, it learned that a Hydraulic Project Approval
8    ("HPA") had been issued to allow for removal of vegetation and installation of
9    beaver tubes in and along Moon Creek.  ECF No. 36 at 10.  Plaintiff next alleges that
10   in the fall of 2012, DLIA trespassed on land belonging to Plaintiff's members and
11   beaver dams were destroyed, and beavers were trapped and killed.  ECF No 36 at 10–
12   11.  Plaintiff alleges that again in September 2013, DLIA was issued an HPA by the
13   Department of Fish and Wildlife to allow for stream dredging, modification/removal
14   of beaver dams, and other actions.  ECF No. 36 at 11–12.  On September 23, 2014,
15   DLIA installed a large culvert through a beaver dam.  ECF No. 36 at 12–13.  Plaintiff
16   Friends of Moon Creek claims that DLIA and the Department of Fish and Wildlife
17   had advised that additional HPAs would be issued.  ECF No. 36 at 14.

18   In Section 5 of the Second Amended Complaint, entitled "Claims for Relief,"
19   Plaintiff Friends of Moon Creek recite a number of events, although the alleged
20   actions are not focused on specific "counts."  ECF No. 36 at 14–16.  It appears that
21   Plaintiff Friends of Moon Creek alleges federal claims under 42 U.S.C. 1983, a Fifth

ORDER GRANTING CONSTRUED MOTION FOR SUMMARY JUDGMENT
AND DENYING REQUEST FOR ATTORNEY FEES ~ 3

Amendment taking of property without due process.  *See* ECF No. 36 ¶ 5.2, 5.3.  Plaintiff Friends of Moon Creek also contends that Defendant Sharon Sorby violated RCW 17.10.170 by issuing a permit to DLIA without proper statutory notice.  ECF No. 36 ¶ 5.4.  Plaintiff Friends of Moon Creek also refer to an alleged violation of state law by Defendant Anderson of the Department of Fish and Wildlife by issuing a permit to dredge and destroy beaver dams.  Plaintiff Friends of Moon Creek also alleges trespass in paragraph 5.1, but the paragraph is somewhat vague and no specific Defendants are named.  Paragraphs 5.6 to 5.8 argue that injunctive and declaratory relief is proper.

In sum, Plaintiff Friends of Moon Creek contends that Moon Creek is a non-navigable waterway and that the lands underlying the waterway are owned by the individual property owners adjacent to the Creek.  It contends that Defendants' actions constitute a taking of property without just compensation in violation of the Fifth Amendment as well as violations of state laws and policies.  Plaintiff seeks an injunction prohibiting Defendants from engaging in unlawful conduct, declaratory judgment, and an award of attorney fees.  ECF No. 36.

Each of the three Defendants responded to the Second Amended Complaint by filing a Motion to Dismiss.  ECF Nos. 39, 43, and 51.  The Court heard argument on those Motions on January 23, 2014, and after receiving supplemental briefing, issued an Order denying the Motions on February 27, 2014.  ECF No. 71.  The Court issued

a temporary restraining order, and then a preliminary injunction, which remained in effect until January 12, 2018.  ECF Nos. 64, 72, 80, and 260.

Each of the Defendants answered the Second Amended Complaint.  Defendant Anderson asserted a crossclaim against Defendant DLIA seeking reimbursement by Defendant DLIA in the event that any liability was attributed to Defendant Anderson.  ECF No. 73.  Defendant DLIA asserted a counterclaim against Plaintiff Friends of Moon Creek and asserted third-party claims against the individual members of Friends of Moon Creek asserting claims of public nuisance, private nuisance, and negligence.  ECF No. 76.

Plaintiff Friends of Moon Creek's Answer to DLIA's Counterclaim and the Answer of Third-Party Defendants Cheryl and Robert Balentine; George A. and Jane Doe Tyler; Douglas M. and Jane Doe Anderson; Tom and Michele Bowyer; Joe F. and Jane Doe Struthers; Gaylan and Jane Doe Warren; and Mark Moeser and Jane Doe Moeser, asserted a "fourth party" claim against DLIA for a violation of procedural due process, a Fifth Amendment Taking, intentional trespass, and a violation of RCW 77.55.021.  ECF No. 84.  DLIA Answered these "fourth party" claims.  ECF No. 102.  On April 30, 2014, the Court held a scheduling conference and realigned the parties as set forth in the above caption.  ECF No. 101.

Extensive Motion practice followed the Court's realignment of the parties. On May 19, 2015, Plaintiffs[1] filed a lawsuit in Pend Oreille County Superior Court seeking both damages and injunctive relief against all Defendants. ECF No. 207. Following a status conference held on June 12, 2015, ECF No. 212, and additional briefings from the parties, the Court stayed the proceedings on August 15, 2015, pending resolution in state court. ECF No. 216. Subsequently, the Court has requested multiple status reports from the parties detailing the case's advancement though state court, which is summarized below.

## STATE COURT CLAIMS

The above named Plaintiffs, except Plaintiffs Michael and Jane Doe Jeffrey, filed a Complaint against all three Defendants in the Pend Oreille County Superior Court on May 19, 2015. ECF No. 214 at 4–24. The Complaint included seven causes of action: (1) a claim of trespass against all Defendants; (2) a violation of the Fifth Amendment Takings Clause, actionable under 42 U.S.C. § 1983, against all Defendants; (3) a violation of the Fourteenth Amendment Due Process Clause, actionable under 42 U.S.C. § 1983, against all Defendants; (4) a violation of RCW 17.10.170 claim against Defendant Sharon Sorby; (5) a violation of RCW 77.55.011

---

[1] Following the Court's Order realigning the parties, ECF No. 101, Plaintiff Friends of Moon Creek and the third-party Defendants are jointly referred to in the plural as "Plaintiffs."

claim against Defendant Phil Anderson; (6) a Negligence and Malfeasance claim against Defendant Phil Anderson; and (7) an Outrageous Conduct claim against all Defendants. ECF No. 214 at 19–23.

Defendant DLIA Answered Plaintiffs' Complaint on November 16, 2015, and filed Counterclaims against Plaintiffs naming five causes of action: (1) Public Nuisance; (2) Private Nuisance; (3) Negligence; (4) Public Prescriptive Easement; and (5) Common Law Dedication. ECF No. 285 at 66–74.

All claims against Defendant Sharon Sorby in her individual capacity and the Pend Oreille County Noxious Weed Control Board were dismissed by the state court with prejudice on December 1, 2016. ECF No. 285 at 33–36. However, the Pend Oreille County Superior Court found that Defendant Sharon Sorby, in her official capacity as Coordinator with the Pend Oreille County Noxious Weed Control Board, did not have qualified immunity and that her Notice did not comply with RCW 17.10.170. *Id*. Defendant Sharon Sorby appealed the December 1, 2016 Order finding that she did not have qualified immunity and that her Notice did not comply with state law. On February 6, 2018, Division III of the Court of Appeals found that Defendant Sharon Sorby did have qualified immunity and her Notice was sufficient under state law, and remanded the case with instructions to dismiss all claims against Defendant Sharon Sorby. ECF No. 270-2. On April 19, 2018, the Pend Oreille County Superior Court dismissed all claims against Defendant Sharon Sorby with prejudice. ECF No. 270-3.

1    On December 22, 2016, the Pend Oreille County Superior Court dismissed all
2    claims against Defendant Phil Anderson with prejudice. ECF No. 293 at 9–15.
3    Plaintiffs filed a Request for Reconsideration, but the Pend Oreille County Superior
4    Court denied the request. ECF No. 289 at 2.

5    All claims against Defendant DLIA were dismissed with prejudice by the Pend
6    Oreille County Superior Court in Orders filed on April 20, 2017, and February 6,
7    2019. ECF No. 285 at 41–43, 50–51. On February 6, 2019, the Pend Oreille County
8    Superior Court entered an Order granting summary judgment in favor of DLIA on the
9    counterclaims of Public Nuisance, Private Nuisance, and Negligence, and denying
10   summary judgment in the claims of Public Prescriptive Easement and Common Law
11   Dedication. ECF No. 285 at 51.

12                              **CURRENT STATUS REPORTS**

13   This case was reassigned to the undersigned district judge on April 30, 2020.
14   ECF No. 288. Defendants DLIA, Phil Anderson, and Sharon Sorby subsequently
15   filed status reports. ECF Nos. 289, 290, and 291. On May 18, 2020, this Court
16   issued an Order requiring Plaintiffs to file status reports and directing Defendant Phil
17   Anderson to provide documentation that the claims against him were dismissed in
18   state court. ECF No. 292. Phil Anderson and Plaintiffs Michael and Jane Doe
19   Jeffrey responded to the Court's Order. ECF Nos. 293 and 294.

20   According to the status reports, a state court bench trial was held in August of
21   2019 and damages were assessed in favor of DLIA for a total of $28,832.43, and

ORDER GRANTING CONSTRUED MOTION FOR SUMMARY JUDGMENT
AND DENYING REQUEST FOR ATTORNEY FEES ~ 8

DLIA was granted easements to maintain the water way.  ECF No. 289 at 14.  Additionally, it appears that Defendant DLIA and Plaintiffs Cheryl and Robert Balentine stipulated to an order dismissing claims with prejudice on February 27, 2020.  ECF No. 289 at 44–46.

Defendants DLIA, Phil Anderson, and Sharon Sorby all report that the state court proceedings are completed and all request that the federal action be dismissed.  ECF Nos. 289, 290, and 291.  Plaintiffs Michael and Jane Doe Jeffrey filed a Status Report stating that they were not a party to the state court proceedings and have no objection to the case being dismissed.  ECF No. 294.

## MOTION TO DISMISS

Defendant DLIA filed a Motion to Dismiss the federal action on February 11, 2019.  ECF No. 284.  The motion includes a request for (1) a dismissal of Plaintiffs' claims against DLIA under the Full Faith and Credit Act, (2) a dismissal of DLIA's counterclaims against Plaintiffs without prejudice, and (3) an award of attorney fees to DLIA for defending against Plaintiffs' 42 U.S.C. § 1983 claims for unconstitutional takings and due process violations.  *Id*.

On May 14, 2020, Defendant Sharon Sorby filed a status report and a Request for Dismissal with Prejudice.  ECF No. 290.  She reasserts that all claims against her were dismissed with prejudice in state court on December 1, 2016, and April 19, 2018, and requests that the federal case be dismissed.  Similarly, Defendant Phil Anderson filed a status report on May 5, 2020, requesting that all claims against him

1   be dismissed with prejudice, because of the state court dismissal of claims against

2   him with prejudice.  ECF No. 289 at 2.

3       The Supreme Court has held that "[d]isposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law.  The Full Faith and Credit Act, 28 U.S.C. § 1738, originally enacted in 1790, ch. 11, 1 Stat. 122, requires the federal court to 'give the same preclusive effect to a state-court judgment as another court of that State would give.'" *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005), *quoting Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 523 (1986).  Under Washington law, "[a] grant of summary judgment is a final judgment on the merits with the same preclusive effect as a full trial." *In re Estate of Black*, 102 P.3d 796, 806 (Wash. 2004), 102 P.3d 796 *quoting DeYoung v. Cenex Ltd.*, 1 P.3d 587, 591 (Wash. Ct. App. 2000)) .

13      This Court previously addressed a motion to dismiss by DLIA and found that so long as the state court proceedings were not fully concluded, such a motion was premature.  ECF No. 276.  The current status reports support the conclusion that the state court proceedings have concluded.  The time for any appeal has elapsed.  *See* Wash. R. App. P. 5.2 (providing a 30-day period to appeal a Superior Court judgment).  Therefore, the motion and requests to dismiss can now be addressed.  However, because DLIA's Motion to Dismiss presents matters outside of the pleadings and not all Plaintiffs have filed status reports addressing the proper

ORDER GRANTING CONSTRUED MOTION FOR SUMMARY JUDGMENT
AND DENYING REQUEST FOR ATTORNEY FEES ~ 10

disposition of the federal action, the Court treats the motion to dismiss as a motion for summary judgment. Fed. R. Civ. P. 12(d).

DLIA's requests that the pending claims against it be dismissed with prejudice pursuant to the Full Faith and Credit Act. ECF No. 284 at 3. Here, the state court proceedings are final, and in those proceedings all the parallel claims against DLIA have been dismissed with prejudice. ECF No. 285 at 41–43, 50–51. Therefore, it is appropriate that all pending claims against DLIA be dismissed with prejudice in this Court.

DLIA also requests that its counterclaims against Plaintiffs be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). ECF No. 284 at 4. Rule 41(a)(2) allows an action to be dismissed at the plaintiff's request through a court order. In this case, DLIA is the counterclaimant and can request that its claims against Plaintiffs be dismissed. *See Maxum Indem. Ins. Co. v. A-1 All American Roofing Co.*, 299 Fed. App'x. 664 (9th Cir. 2008). "[T]he decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court." *Id.* quoting *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). Here, the Court finds that since the state court proceedings have been concluded, it is appropriate to dismiss all of DLIA's pending claims without prejudice.

Defendant Phil Anderson requests that all claims against him and the Department of Fish and Wildlife be dismissed with prejudice. ECF No. 289.

ORDER GRANTING CONSTRUED MOTION FOR SUMMARY JUDGMENT AND DENYING REQUEST FOR ATTORNEY FEES ~ 11

Likewise, Defendant Sharon Sorby requests that all claims against her be dismissed with prejudice. ECF No. 290. The state court proceedings are final regarding both Mr. Anderson and Ms. Sorby, and those proceedings resolved the parallel claims against Defendants Phil Anderson and Sharon Sorby with prejudice. ECF Nos. 270–3 and 293 at 9–15. Therefore, it is appropriate that any pending claims against Defendants Phil Anderson and Sharon Sorby be dismissed with prejudice.

## ATTORNEY FEES

Defendant DLIA requests attorney fees under 42 U.S.C. § 1988, arguing that Plaintiffs' constitutional claims were meritless. ECF No. 284 at 5.

Section 1988 permits a court to award the "prevailing party" in a § 1983 case reasonable attorney's fees as part of costs. 42 U.S.C. § 1988(b). However, the prevailing defendants may only receive attorney's fees when "the plaintiff's civil rights claim is frivolous, unreasonable, or groundless, or [if] the plaintiff continued to litigate after it clearly became so." *Thomas v. City of Tacoma*, 410 F.3d 644, 647 (9th Cir. 2005) (internal quotation marks omitted). "A case may be deemed frivolous only when the result is obvious or the arguments of error are wholly without merit." *Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003) (internal quotation marks and ellipsis omitted). Summary judgment entered against a plaintiff does "not render [the claims] groundless, without foundation or frivolous, within the meaning of 42 U.S.C. § 1988." *Id*. at 1196.

1	Plaintiffs respond that DLIA is not a "prevailing party" in this federal action.

2	ECF No. 286 at 6.  In this Order, the Court is granting DLIA's request to dismiss

3	Plaintiff's pending claims against it with prejudice.  Therefore, DLIA can be deemed

4	to be a prevailing party in this case.

5	DLIA asserts that "Plaintiffs' takings and due process claims relied on a

6	tenuous joint state actor theory and were [sic] lacked merit where there was no

7	constitutional taking or violation of due process.  Plaintiffs' claims were

8	unreasonable and meritless."  ECF No. 284 at 7.

9	First, this Court already has found that Plaintiffs "presented sufficient evidence

10	of joint action between Sharon Sorby and DLIA to make DLIA a state actor for the

11	purposes of the herbicide application in 2012."  ECF No. 206 at 8.  This was affirmed

12	by the Pend Oreille County Superior Court in the state court proceedings.  ECF No.

13	270-1.  Therefore, the joint actor theory as to Sharon Sorby is not "tenuous" or

14	frivolous as Plaintiff alleges.

15	Although this Court found that there was no "emphatic direct evidence of joint

16	action" between Phil Anderson and DLIA, the Court acknowledged evidence that

17	Plaintiffs presented in support of their theory of joint action.  ECF No. 172 at 10.

18	The evidence included an interrogatory response stating that in January of 2013, a

19	Department employee was seen with two DLIA members trespassing on a plaintiff's

20	property near the beaver dam, as well as evidence of e-mail communications between

21	DLIA and Department members.  *Id*.  The evidence is sufficient to support the

ORDER GRANTING CONSTRUED MOTION FOR SUMMARY JUDGMENT AND DENYING REQUEST FOR ATTORNEY FEES ~ 13

1  Court's conclusion that Plaintiffs' joint action theory was not "frivolous,
2  unreasonable, or groundless."  The remaining issue is whether the takings and due
3  process claims against Sharon Sorby and Phil Anderson, to which DLIA was alleged
4  to be a joint actor, were frivolous, unreasonable, or groundless."

5  The Court previously found that Plaintiffs' Takings claim was not ripe to
6  pursue in federal court as Plaintiffs represented that they had submitted evidence of
7  damages to the Department of Fish and Wildlife and would be pursuing damages in
8  another forum, presumably state court.  ECF No. 206 at 9.  Therefore, the Court
9  concluded that Plaintiffs' Takings claim was not ripe.  *Id.*  The Court stated that
10 "Plaintiffs' federal claim of a constitutional Taking without just compensation is not
11 ripe.  Plaintiffs admit they did not seek compensation in state court, and have not
12 demonstrated that such compensation is unavailable.  The Takings' claim is
13 dismissed without prejudice."  *Id*. at 13.  There is no support for the conclusion that
14 the Takings claims was "groundless, without foundation or frivolous."  The Court
15 found that it was just not ripe at that point in the litigation.

16 Similarly, the evidence presented in the federal action demonstrates that there
17 was a genuine issue of fact regarding which property owners had received Notice
18 from Sharon Sorby, which barred resolution of Plaintiffs' due process claims on
19 summary judgment.  ECF No. 206 at 10–12.  In fact, in the state court proceedings,
20 Sharon Sorby's Notice to the landowners was deemed insufficient by the Superior
21 Court, but that determination was later reversed by the Court of Appeals.  ECF Nos.

ORDER GRANTING CONSTRUED MOTION FOR SUMMARY JUDGMENT
AND DENYING REQUEST FOR ATTORNEY FEES ~ 14

1    270-1 and 270-2.  Therefore, the due process claim was not "groundless, without
2    foundation or frivolous," but rather an issue that was disputed by the trial court and
3    the appellate court.

4        This Court did not address the merits of Plaintiffs' due process claim against
5    Phil Anderson.  Mr. Anderson's motion for summary judgment hinged on the theory
6    that he was not a joint actor with DLIA, and in 2015, the Court found that there were
7    genuine issues of fact that could not be resolved in a motion for summary judgment.
8    ECF No. 172.  The Court denied Mr. Anderson's motion for summary judgment on
9    that basis.  *Id.*

10       The fact that Plaintiffs' claims continued to survive motions to dismiss and
11   motions for summary judgment during the six years of litigation of these proceedings
12   demonstrates that Plaintiffs'  against DLIA were not "groundless, without foundation
13   or frivolous."  The Court concludes that there is no basis to grant DLIA's motion for
14   attorney fees, which is denied.

### CROSSCLAIM

16       None of the parties has addressed Defendant Phil Anderson's pending
17   crossclaim against Defendant DLIA.  The pending crossclaim is essentially a
18   reimbursement claim against DLIA.  ECF No. 73 at 8–9.  Since Defendant Phil
19   Anderson has not been held liable to Plaintiffs, the crossclaim is essentially moot.
20   Therefore, dismissal of this claim is also appropriate.

21

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant DLIA's Motion to Dismiss, **ECF No. 284**, which this Court treated as a motion for summary judgment, is **GRANTED**, in part, and **DENIED**, in part, as discussed in this Order.

2. All of Plaintiffs' pending claims against Defendant DLIA are hereby **DISMISSED with prejudice**.

3. All of DLIA's pending counterclaims against all Plaintiffs are hereby **DISMISSED without prejudice**.

4. Defendant DLIA's request for attorney fees is **DENIED**.

5. Defendant Sharon Sorby's Request to Dismiss claims against her, **ECF No. 290**, is **GRANTED**.

6. All of Plaintiffs' claims against Sharon Sorby are hereby **DISMISSED with prejudice**.

7. Defendant Phil Anderson's Request to Dismiss claims against him, **ECF No. 289**, is **GRANTED.**

8. All of Plaintiffs' claims against Phil Anderson are hereby **DISMISSED with prejudice**.

9. Defendant Phil Anderson's pending crossclaim against Defendant DLIA is hereby **DISMISSED** without prejudice.

ORDER GRANTING CONSTRUED MOTION FOR SUMMARY JUDGMENT AND DENYING REQUEST FOR ATTORNEY FEES ~ 16

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, enter judgment in favor of the **Defendants** as outlined, provide copies to counsel, and **CLOSE** the file.

**DATED** June 10, 2020.

  <i>s/Rosanna Malouf Peterson</i><br>
ROSANNA MALOUF PETERSON<br>
United States District Court

ORDER GRANTING CONSTRUED MOTION FOR SUMMARY JUDGMENT AND DENYING REQUEST FOR ATTORNEY FEES ~ 17